**Christopher J. McCOY, Sr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7789.**

Court of Appeals of Alaska.

Oct. 4, 2002.

Diane L. Foster and Darin B. Goff, Assistant Public Defenders, Kenai, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

John W. Wolfe, Assistant District Attorney, Kenai, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

STEWART, Judge.

**ORDER DENYING McCOY'S PETITION FOR REHEARING**

Christopher McCoy asks us to reconsider our decision in his appeal, *McCoy v. State,* 80 P.3d 751, 2002 WL 32332960 (2002).

McCoy's main contention on appeal was that pre-sentence investigators must obtain case-specific authorization from the superior court before they can examine a defendant's juvenile probation files and before they can refer to a defendant's criminal activities as a juvenile if those criminal activities were "adjusted" informally and did not lead to a formal adjudication of delinquency. To support this contention, McCoy relied on a court rule, Alaska Delinquency Rule 27(a)(1), and a statute, AS 47.12.300. In our decision, we rejected McCoy's interpretations of this court rule and this statute, and we held that pre-sentence investigators do not need to obtain case-specific court permission before they refer to a defendant's non-adjudicated acts of delinquency. *McCoy,* opinion at page 754.

McCoy now seeks rehearing. He asserts that we should reconsider our ruling because we failed to consider another statute, AS 47.12.310(a). This statute declares that "all information and social records pertaining to a minor who is [alleged to have committed delinquent acts] prepared by or in the possession of a federal, state, or municipal agency or employee ... are privileged and may not be disclosed directly or indirectly to anyone without a court order."

■ McCoy contends that even if Delinquency Rule 27(a) and AS 47.12.300 do not support his argument on appeal, his argument is nevertheless correct because this other statute—AS 47.12.310(a)—forbids a pre-sentence investigator from obtaining information relating to a defendant's acts of delinquency if those acts did not lead to a formal adjudication of delinquency.

McCoy did not cite AS 47.12.310(a) in either of his briefs to this Court. This omission would normally preclude McCoy from seeking rehearing on this point. As we said in *Booth v. State*, "[Appellate] Rule 506(a) was not intended to allow parties to raise new arguments after they have had a chance to analyze an appellate court's decision. Rule 506(a) implicitly limits rehearing to legal principles or propositions that were raised by the parties in the normal course of the appeal."[1]

■ McCoy points out that he did mention AS 47.12.310(a) in his trial court pleading, and that this pleading was included in his excerpt of record on appeal. But the fact that an argument may be mentioned in a defendant's trial court pleadings does not preserve the argument for appeal. A party's briefs must contain the factual and legal arguments that the party wishes the appellate court to consider. A party may not argue a point by incorporating trial court pleadings by reference.[2] Much less can a party "argue" a point by designating trial court pleadings for inclusion in the excerpt of record without even alerting the appellate court that the party intends to rely on the arguments presented in those trial court pleadings.

McCoy asserts that his failure to mention AS 47.12.310(a) in his briefs to this Court must have been due to "typographical error or oversight on the part of defense counsel". We reject McCoy's contention of "typographical error". And a petition for rehearing is not the proper vehicle for addressing McCoy's claim of attorney negligence.

Moreover, AS 47.12.310(a) does not provide a clear and straightforward answer to the legal contention raised in McCoy's appeal. Even though the statute declares that "all information and social records pertaining to a minor ... are privileged and may not be disclosed directly or indirectly to anyone without a court order", the statute also declares that this rule of privilege is subject to numerous exceptions—in particular, the exceptions specified in AS 47.12.310(b)–(g), AS 47.12.315, and AS 47.12.320.

Many of the exceptions listed in AS 47.12.310(b)–(g) appear to undercut McCoy's contention that a pre-sentence report can not refer to unadjudicated acts of delinquency. For example, AS 47.12.310(b)(1) states that a minor's records "shall" be disclosed to a federal, state, or municipal law enforcement agency when those records are pertinent to a specific investigation being conducted by that agency. Further, AS 47.12.310(b)(2)(E) states that a minor's records "shall" be disclosed to "a law enforcement agency of this state or another jurisdiction as may be necessary for the protection, rehabilitation, or supervision of any minor or for actions by that agency to protect the public safety". Other provisions of AS 47.12.310 also conceivably allow disclosure to a pre-sentence investigator: see AS 47.12.310(c)(4) and AS 47.12.310(f).

Turning to AS 47.12.315, for all acts of delinquency committed on or after January 1, 1998[3], subsection (a)(1) of this statute specifically authorizes disclosure of all information relating to a minor's acts of delinquency (except the name of the victim) "when an agency takes action under AS 47.12.040(a)(1) to [informally] adjust a [delinquency] matter" and the matter involves a crime against a person punishable as a felony, or arson, burglary, sale of a controlled substance, or any other crime in which the minor employed a deadly weapon. Subsection (b) authorizes these same disclosures whenever the Department of Health and Social Services files a delinquency petition against a minor alleging one or more of these same crimes (apparently

---

1. 903 P.2d 1079, 1090 (Alaska App. 1995).

2. *See Anchorage Nissan, Inc. v. State*, 941 P.2d 1229, 1240 (Alaska 1997).

3. *See* AS 47.12.315(e).

without regard to the ultimate disposition of that petition). Subsections (a)(2) and (b)(2) authorize these same disclosures whenever a delinquent act has been informally adjusted and the minor then fails to comply with the conditions of the adjustment.

Finally, turning to the third statute, AS 47.12.320, subsection (a)(2) states that the Department of Health and Social Services "may disclose confidential or privileged information about the minor and make available for inspection documents about the minor" to the Governor, the Lieutenant Governor, any legislator, the state Ombudsman, the Attorney General, the Commissioner of Health and Social Services, the Commissioner of Administration, the Commissioner of Public Safety, and any person working for them "for review or use in their official capacities".

We need not—and do not—definitely construe any of these statutory provisions. Our point is that, contrary to McCoy's argument in his petition for rehearing, AS 47.12.310(a) does not clearly and unambiguously state that a pre-sentence investigator is barred from examining or relying on Department of Health and Social Services records pertaining to a defendant's prior acts of delinquency when those acts were informally adjusted. In fact, when the four pertinent statutes—AS 47.12.300 through 320—are considered together, it appears that the law is the opposite of what McCoy claims it to be.

For these reasons, McCoy's petition for rehearing is **DENIED.**